UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SAURABH JAIN, et al.,<br><br>              Plaintiffs,<br><br>   v.<br><br>UR M. JADDOU,<br><br>              Defendant. | Case No. 21-cv-03115-VKD<br><br>**ORDER RE REQUEST FOR FURTHER CASE MANAGEMENT CONFERENCE**<br><br>Re: Dkt. No. 54 |

Plaintiffs request that the Court set a case management conference to address defendant USCIS's production of documents. Dkt. No. 54 at 1-3. Defendant opposes the request. *Id.* at 3-6. Having considered the parties' written submission, the Court finds no reason to set a case management conference at this time.

The Court previously ordered that "[i]f the parties are unable to agree on the contents of USCIS's production, USCIS shall produce documents to the extent of the parties' agreement." Dkt. No. 50. The Court provided two additional instructions: First, "[i]f plaintiffs believe they cannot move for summary judgment based on the information available to them, defendant shall be the party who shall first file a motion for summary judgment," and second, "[i]f plaintiffs believe they require additional documents or information in order to respond to defendant's motion, plaintiffs must file a motion that meets the requirements of Rule 56(d) within 21 days of defendant's motion for summary judgment."

Plaintiffs' principal objection to defendant's document production appears to be that defendant has not yet prepared and served the declarations on which it may rely in support of a

motion for summary judgment.[1]  The Court is not persuaded that plaintiffs are entitled to an order requiring defendant to draft and provide advance copies of these declarations.  If plaintiffs are not prepared to file a motion for summary judgment by the deadline previously set, they will not be prejudiced if defendant files its motion for summary judgment first.  Plaintiffs retain the opportunity to not only oppose defendant's motion but to file a counter-motion of their own.  Dkt. Nos. 6, 46, 50.  Moreover, Rule 56(d) gives plaintiffs a mechanism to obtain any unavailable facts necessary to respond to defendant's motion (including supporting declarations) and to file a counter-motion.

For these reasons, the Court denies plaintiffs' request and directs the parties to comply with the Court's prior orders.

**IT IS SO ORDERED.**

Dated: July 18, 2022

VIRGINIA K. DEMARCHI
United States Magistrate Judge

---

[1] Defendant represents that it has produced the documents that it believes are relevant to this dispute and has advised plaintiffs that it also "may rely on other materials provided by the Parties in the course of this litigation."  *See* Dkt. No. 54 at 5.  The Court will not require defendant to *re-produce* to plaintiffs documents that are already part of the record in this case and readily available to plaintiffs.